# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-50745
Summary Calendar

EARL ELLERY WRIGHT,

Plaintiff-Appellant,

versus

LIEUTENANT MILLER , Correctional Supervisor,

Defendant-Appellee,

----------------------------

EARL ELLERY WRIGHT,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
A-94-CV-121 & A-94-CV-179

August 29, 1996

Before JOLLY,  JONES  and STEWART, Circuit Judges.

PER CURIAM:[*]

Earl Wright, a federal prisoner, has appealed the dismissal of his <u>Bivens</u>[1] action for damages.

Additionally, the appellees moved to correct the title of the appeal to name Warden Hedrick as a

defendant, and Wright moves to expedite the appeal.  For the following reasons, we reverse summary

judgment for the defendants, grant the motion to correct the title, and deny the motion to expedite

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]  <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

the appeal.

**FACTS**

Appellant Earl Wright, is a 64-year-old federal prisoner serving a fifty-year sentence for bank robbery. He filed two actions for damages in September 1994, which the district court consolidated. In No. A-94-CA-121, a <u>Bivens</u> suit, Wright alleged that he was entitled to damages because defendant Lt. Miller, the officer in charge of transferring Wright from Bastrop, Texas to Florence, Colorado, required him to wear leg-irons during the trip although Wright informed him that he could not wear leg-irons because of a condition documented in his medical file. The leg-irons would cause his legs to swell and, consequently, restrict his ability to walk.

In No. A-94-CA-179, Wright named the United States as the sole defendant. He asserted that this was a "Federal Tort Claim" based on his alleged loss of an album containing 120 personal photographs. When Wright was transferred to Tennessee from FCI Bastrop for a court appearance, he allegedly left the album with another inmate, Earl Gregg. Following a shakedown, Wright alleged, unknown members of the custodial staff destroyed the album as contraband. Wright also realleged his leg-iron claim.

The defendants filed a motion to dismiss for failure to state a claim or for summary judgment, with affidavits of Miller, Warden Hedrick, and others. After de novo review, the district court adopted the magistrate judge's report and granted the defendants' motion to dismiss or for summary judgment.

**DISCUSSION**

**A.    DISMISSAL AND SUMMARY JUDGMENT.**

Wright contends that he is entitled to damages because Miller made him wear leg-irons

2

"'maliciously and sadistically for the very purpose of causing harm,'" in violation of his Eighth Amendment right to be free from cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citation omitted).[2]

One of the grounds for the district court's dismissal of the consolidated actions was failure to state a claim. This court "review[s] de novo the district court's dismissal of a complaint for failure to state a claim." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). We hold that the district court incorrectly dismissed No. A-94-CA-121 for failure to state a claim; Wright adequately alleged a constitutional tort committed by Miller, a federal officer. See Davis v. Passman, 442 U.S. 228, 233-34 (1979). The facts alleged by Wright, if true, show that Miller's intentional use of the leg-irons "involve[d] the wanton and unnecessary infliction of pain," in violation of the Eighth Amendment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). Nevertheless, the district court's error in dismissing for failure to state a claim is harmless because, as will be discussed, summary judgment was appropriate on all claims except Wright's Bivens claim against Miller. See Fed. R. Civ. P. 61. However, the district court was correct in dismissing Wright's claim in No. A-94-CA-179 based on

---

[2]We note that Wright's allegations remove this case from the deliberate indifference analysis dictated by the Farmer v. Brennan, 114 S. Ct. 1970 (1994) line of cases. Wright is not claiming deliberate indifference to a medical need. Instead, Wright argues that Miller acted intentionally and maliciously when placing the leg restraints on him for security purposes. The intent allegation places this case under Whitley v. Albers, 475 U.S. 320 (1986). See Farmer., 114 S. Ct. at 1978 (explaining as follows: "'application of the deliberate indifference standard is inappropriate' in one class of cases: when 'officials stand accused of using excessive physical force.' . . .'[T]he very high state of mind prescribed by Whitley does not apply to prison conditions cases.'"); see also, Madrid v. Gomez, 889 F. Supp. 1146, 1247 (N.D. Cal. 1995) ("Although the deliberate indifference standard governs most claims, an even higher degree of culpability must be shown in one type of claim: when an inmate seeks to hold an individual prison officer liable for using excessive physical force against the inmate during a particular incident.").

3

the same facts, because constitutional torts are not actionable under the FTCA.  See FDIC v. Meyer, 510 U.S. 471, 114 S. Ct. 996, 1001 (1994).

The district court also granted summary judgment to the defendants.  This court's standard of review of a summary-judgment ruling is the same as the district court's, and it must be based on the evidence which was presented in the district court.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc); Sanders v. English, 950 F.2d 1152, 1159 (5th Cir. 1992).

Miller contends, inter alia, that he is entitled to qualified immunity.  We must examine (1) whether Wright has alleged the violation of a clearly established constitutional right, and (2) whether reasonable public officials could differ on the lawfulness of their actions.  Hassan v. Lubbock Indep. Sch. Dist., 55 F.3d 1075, 1079 (5th Cir.), cert. denied, 116 S. Ct. 532 (1995).  If Wright "fails to tender the requisite summary judgment evidence that the individual defendants violated a clearly established constitutional right," however, we do not need to engage in the second inquiry.  Id.

Miller would be entitled to qualified immunity if he could establish that his use of leg restraints on Wright "could plausibly have been thought necessary" or that he did so in good faith to maintain order, i.e., security.  See Whitley, 475 U.S. at 321, 320-21.  Miller stated in his affidavit that he looked at Wright's Form 149, which includes any medical information relevant to an inmate's transfer, and "found no annotation [sic] addressing the use of leg restraints." He also indicated that upon observing that Wright's legs looked a bit discolored, he decided to place "flex-cuffs" made of soft plastic, rather than restraints made of metal, on Wright, and removed them during the overnight stopovers.  Miller stated that Wright did not complain about his legs to him during the trip.

In his controverting affidavit, Wright asserted that he informed Miller of the medical

4

restriction and complained that the leg-irons would cause his legs to swell to a point in which he could hardly walk. Wright also avers that Miller threatened him, and thereafter he refrained from complaining to Miller. Prior to leaving Bastrop, Wright says that when Lt. Wynn told Miller that no restraints were to be used on Wright's legs, Miller replied that Wright would not leave Bastrop without leg-irons. The affidavit further states that he complained about his legs upon arrival at FCI El Reno on the evening of March 23 to a physician's assistant, who noted on paper the following: "legs swollen, no leg irons to be used."

The documents filed by the defendants present conflicting evidence. The copy of Wright's Form 149 for this trip states in part: "Do Not Use Hard Restraints on Legs for Transfer." A page from Wright's medical record states that on March 26, at FCI Florence, he complained of his swollen ankles. The notation for March 26 reads "traumatic oedema," and the notation for March 29 provides "edema and pain on both feet." On the other hand, stamped on the form under "Progress Notes Enroute" is the following note which appears to have been initialed by a physician's assistant: "Reviewed at FCI El Reno, Okla[.] No Medical Complaints."

We find that the disputed factual matters in this case preclude summary judgment in favor of Miller on these facts as a Bivens claim. They include (1) whether he applied soft restraints or leg-irons; (2) whether he knew of the restriction stated in Wright's Form 149 and/or in his medical record; (3) whether he threatened Wright in order to suppress further complaints; and (4) whether he made Wright wear leg-irons on the morning of March 24, despite Wright's protests. Thus, the district court should not have granted the defendants' motion for summary judgment.

## B.    RESPONDEAT SUPERIOR.

5

Warden Hedrick contends that he is entitled to affirmance on grounds, <u>inter alia</u>, that he cannot be held liable vicariously on a theory of respondeat superior. Wright does not contest this ruling. We agree that Hedrick cannot be held vicariously liable. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987).

**C. PHOTOGRAPH ALBUM LOSS.**

Wright requested that this Court hear his complaint concerning his claim for the alleged loss of his album and photos, but he fails to argue the point. Because Wright has not briefed the issue, it is waived. <u>See</u> <u>Weaver v. Puckett</u>, 896 F.2d 126, 128 (5th Cir.), <u>cert. denied</u>, 498 U.S. 966 (1990). Thus, we will not consider this claim.

**D. CAPTION CORRECTION.**

Appellees have moved to correct the title of this appeal to show that Warden Hedrick is an appellee. Wright's response acknowledges that he named Hedrick as a defendant in case No. A-94-CV-121). Wright does not oppose the motion; therefore, we grant the motion to correct the title.

**E. EXPEDITED APPEAL.**

Wright has filed a motion to expedite the appeal. Because the briefs have been filed and we are handling this case via summary disposition, there is no need to expedite the appeal. <u>See</u> Court Policy 14(h)(2)(a). Accordingly, this motion is moot.

**CONCLUSION**

The grant of summary judgment to appellee Lt. Miller is REVERSED, because there are contested issues of material fact. The district court's dismissal of Wright's claims against appellees Warden Bill Hedrick and the United States are AFFIRMED. The motion to include Hedrick's name

6

in the caption of this appeal is GRANTED.  The court will not consider whether the district court erred by dismissing Wright's claim based on the alleged loss of his photograph album, because his failure to brief this point has resulted in waiver.